JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

BRITTANY LEWIS and CYNTHIA HARRIS

## DEFENDANTS

TARGET; TARGET CORPORATION; TARGET CORP.; JOHN DOES 1-10 and ABC COMPANIES 1-10

**(b)** County of Residence of First Listed Plaintiff   Philadelphia County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Hennepin County, MN
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Michael T. van der Veen, Esquire
Van Der Veen, Hartshorn & Levin

Attorneys *(If Known)*

John V. Petrycki, Jr., Esquire
Turner, O'Mara, Donnelly & Petrycki

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability   ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &   Pharmaceutical Slander   Personal Injury | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 152 Recovery of Defaulted | Liability   ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 450 Commerce |
| Student Loans | ☐ 340 Marine   Injury Product | | New Drug Application | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 345 Marine Product   Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| ☐ 153 Recovery of Overpayment | Liability   **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets | Corrupt Organizations |
| of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | **LABOR** | Act of 2016 | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards | | (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | Product Liability   ☐ 380 Other Personal | Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer |
| ☒ 195 Contract Product Liability | ☒ 360 Other Personal   Property Damage | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | Protection Act |
| ☐ 196 Franchise | Injury   ☐ 385 Property Damage | Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| | ☐ 362 Personal Injury -   Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| | Medical Malpractice | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | Leave Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 790 Other Labor Litigation | | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | ☐ 443 Housing/   Sentence | | or Defendant) | Act |
| ☐ 245 Tort Product Liability | Accommodations   ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 896 Arbitration |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | ☐ 899 Administrative Procedure |
| | Employment   **Other:** | ☐ 462 Naturalization Application | | Act/Review or Appeal of |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | Agency Decision |
| | Other   ☐ 550 Civil Rights | Actions | | ☐ 950 Constitutionality of |
| | ☐ 448 Education   ☐ 555 Prison Condition | | | State Statutes |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332

Brief description of cause:
Plaintiffs allege that five children operating an electric shopping scooter collided with them causing injuries.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
January 2, 2024

SIGNATURE OF ATTORNEY OF RECORD
/s/ John V. Petrycki, Jr.

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**3122-34**
**Turner, O'Mara, Donnelly & Petrycki, P.C.**
2201 Route 38, Suite 300
Cherry Hill, NJ 08002
Telephone No. (856) 667-2600
Attorneys for Defendant Target Corporation
also improperly named and plead as Target and
Target Corp.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRITTANY LEWIS<br>3020 Redner Street<br>Philadelphia, PA  19102<br>and<br>CYNTHIA HARRIS<br>1531 W Tioga Apt 612<br>Philadelphia, PA  19140<br><br>        Plaintiffs,<br><br>vs.<br><br>TARGET<br>2137 NJ-38<br>Cherry Hill, NJ  08002<br><br>TARGET CORPORATION<br>1000 Nicollet Mall<br>Minneapolis, MN  55403<br><br>TARGET CORP.<br>1000 Nicollet Mall<br>Minneapolis, MN  55403<br><br>and<br><br>JOHN DOES 1-10<br><br> and ABC COMPANIES 1-10<br><br>       Defendants | Case Number:<br><br>**NOTICE OF REMOVAL** |

**Statement of the Case**

1.      Plaintiffs, Brittany Lewis and Cynthia Harris, are citizens of the Commonwealth of Pennsylvania with their principal residences located in Philadelphia County in the Commonwealth of Pennsylvania.  (See **Exhibit A** – Complaint).

2.      Defendant, Target Corporation, is a citizen of the State of Minnesota with its principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403.

3.      The Complaint identifies "Target" and "Target Corp." as defendants.  These defendants are not legal entities.

4.      On or about December 4, 2023, plaintiffs filed a Complaint in the Superior Court of New Jersey, Law Division, Camden County captioned *Brittany Lewis and Cynthia Harris v. Target;  Target Corporation; Target Corp.; John Does 1-10; and ABC Companies 1-10,* Docket Number CAM-L-3377-23 (the "State Court Action"). (See **Exhibit A**).

5.      Defendant, Target Corporation, was served with the Summons and Complaint on December 12, 2023.  (See **Exhibit B**).

6.      The Complaint purports to assert a cause of action in negligence against defendant, Target Corporation, stemming from an incident that occurred on or about December 18, 2021. Plaintiffs, Brittany Lewis and Cynthia Harris, allege that they were patrons at the Target store located in Cherry Hill, New Jersey, when five children were allowed access to electric shopping scooters collided into them causing serious and permanent personal injuries.  (See **Exhibit A**).

7.      The relief plaintiff seeks include, *inter alia*, compensatory damages for the injuries sustained.

**Diversity Jurisdiction Under 28 U.S.C. § 1332(a)**

8.    This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between plaintiffs and defendant, Target Corporation, and more than seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, is believed to be at stake.

9.    In the Complaint, plaintiffs state that they are citizens of the Commonwealth of Pennsylvania and that their primary residence is in Philadelphia County.

10.    Defendant, Target Corporation, is not a citizen of Pennsylvania or New Jersey as it is a Minnesota corporation with its principal place of business in Minnesota. Therefore, Defendant is a citizen of the State of Minnesota.

11.    The Complaint also names "Target" and "Target Corp." as defendants. These two named parties are not legal entities. Target Corporation is the entity that owns and operates all Target stores in the United States. Therefore, there is complete diversity between plaintiff and Target Corporation.

12.    Plaintiffs, Brittany Lewis and Cynthia Harris, allege that they sustained injuries as the result of the subject incident and have permanent disabilities. (See **Exhibit A**). Ms. Harris alleges that she sustained serious injuries including, but not limited to, low back pain and right leg pain. Medical documents obtained pre-suit indicate that Ms. Harris will allege disc herniations at L1-L2, L2-L3, L3-L4, L4-L5, and L5-S1. She has also alleged lumbar radiculitis. Ms. Harris, through her counsel, had made a pre-suit demand of $250,000.00.

13.    The Complaint further alleges that Ms. Lewis was caused to suffer serious injuries including but not limited to lower mid-back pain, low back pain, right leg pain, and right knee pain all or some of which are or may prove to be permanent. Ms. Lewis also alleges that she has

incurred in may incur expenses for medical care, prescriptions, and physical therapy to her financial detriment. (See **Exhibit A**).    No demand was made on behalf of Ms. Lewis pre-suit.

14.    In light of the injuries set forth above and the demand of $250,000.00 on behalf of Ms. Harris, it is reasonably believed there is over seventy-five thousand dollars ($75,000.00) in controversy and the jurisdictional threshold under 28 U.S.C. § 1332(a) is satisfied.

## All Procedural Requirements for Removal Have Been Satisfied

15.    Pursuant to 28 U.S.C. § 1446(a) and Local Rule 5.1(e), a true and correct copy of all of the process, pleadings, orders, and documents from the State Court Action which have been served upon defendant Target Corporation are being filed with this Notice of Removal.

16.     This Notice of Removal has been filed within 30 days of the date that defendant Target Corporation was served with the Summons and Complaint in this matter.  Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

17.    As Target Corporation is the sole named defendant which is an actual corporate entity (notwithstanding the fictitious defendants), all defendants have consented to removal.

18.    Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) and 1446 (a) because the United States District Court for the District of New Jersey is the federal judicial district embracing the Superior Court of New Jersey, Law Division, Camden County, where the State Court Action was originally filed.

## **Conclusion**

By this Notice of Removal, defendant Target Corporation also improperly named and plead as Target and Target Corp. does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. Defendant Target Corporation also improperly named and plead as Target and Target Corp. intends no admission of fact, law or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

Dated:  January 2, 2024

*John V. Petrycki, Jr.*
John V. Petrycki, Jr., Esquire
**Turner, O'Mara, Donnelly & Petrycki, P.C.**
2201 Route 38, Suite 300
Cherry Hill, NJ 08002
Phone: (856) 667-2600
Fax: (856) 667-8787
*jpetrycki@turneromara.com*
Attorneys for Defendant Target Corporation
also improperly named and plead as Target and
Target Corp.

## <u>CERTIFICATE OF SERVICE</u>

     This is to certify that the foregoing NOTICE OF REMOVAL, with exhibits, was sent to Michael T. van der Veen, Esquire, Van Der Veen, Hartshorn & Levin, 1219 Spruce Street, Philadelphia, PA 19107, attorney for plaintiffs, via electronic mail, on January 2, 2024.

*John V. Petrycki, Jr.*

John V. Petrycki, Jr., Esquire

# EXHIBIT A

SUMMONS

Attorney(s) Michael T. van der Veen

Office Address  1219 Spruce Street

Town, State, Zip Code  Philadelphia, PA 19102

Telephone Number  (215) 546-1000

Attorney(s) for Plaintiff  Michael T. van der Veen

Brittany Lewis, Cynthia Harris

Plaintiff(s)

vs.

Target, Target Corporation, Target Corp.

Defendant(s)

**Superior Court of
New Jersey**

Camden          County

Civil             Division

Docket No: CAM-L-3377-23

**CIVIL ACTION
SUMMONS**

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

Clerk of the Superior Court

DATED: 12/07/2023

Name of Defendant to Be Served: Target Corp.

Address of Defendant to Be Served: 1000 Nicollet Mall Minneapolis, MN 55403

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

VAN DER VEEN, HARTSHORN & LEVIN
BY:   Michael T. van der Veen
       I.D. No. 043691996
       Jerry A. Lindheim
       I.D. No. 028541988
       1219 Spruce Street
       Philadelphia, PA 19107
       P: 215-546-1000
       F: 215-546-8529

**ATTORNEY FOR PLAINTIFFS**
**JURY TRIAL DEMANDED**

| | |
|---|---|
| **BRITTANY LEWIS**<br>3020 Redner Street<br>Philadelphia, PA 19121 | :   **SUPERIOR COURT OF NEW JERSEY**<br>:   **CAMDEN COUNTY**<br>:   **LAW DIVISION**<br>: |
| **CYNTHIA HARRIS**<br>1531 W Tioga Apt 612<br>Philadelphia, PA 19140 | :   **DOCKET NO.**<br>: |
| Plaintiffs, | :   **COMPLAINT, JURY DEMAND,** |
| v. | :   **DESIGNATION OF TRIAL** |
| | :   **COUNSEL, CERTIFICATION AND** |
| **TARGET**<br>2137 NJ-38<br>Cherry Hill, NJ 08002 | :   **DEMAND FOR DISCOVERY**<br>:<br>: |
| **TARGET CORPORATION**<br>1000 Nicollet Mall<br>Minneapolis, MN 55403 | :<br>:<br>: |
| **TARGET CORP.**<br>1000 Nicollet Mall<br>Minneapolis, MN 55403 | :<br>:<br>: |
| **JOHN DOES 1-10** | :<br>: |
| and | :<br>: |
| **ABC COMPANIES 1-10** | :<br>: |
| Defendants. | : |

----------------------------------------------------------------------

## COMPLAINT IN CIVIL ACTION
## PREMISES LIABILITY

    1.    Plaintiff Brittany Lewis is an adult individual who, at all times relevant hereto, resided at the address indicated above.

1

2.     Plaintiff Cynthia Harris is an adult individual who, at all times relevant hereto, resided at the address indicated above.

3.     Defendant Target is a corporation, partnership, fictitious entity or other business entity organized pursuant to the laws of the State of New Jersey and registered to conduct business in the State of New Jersey, who regularly conducts business at the address indicated above.

4.     Defendant Target Corporation is a corporation, partnership or other business entity organized pursuant to the laws of the State of Minnesota yet registered to conduct and transact business in the State of New Jersey, who regularly conducts business at the address indicated above.

5.     Defendant Target Corp. is a corporation, partnership, fictitious entity or other business entity organized pursuant to the laws of the State of Minnesota, yet registered to conduct and transact business in the State of New Jersey, who regularly conducts business at the address indicated above.

6.     Defendants John Does 1-10 and ABC Companies 1-10 are fictitious names, representing one or more individuals, sole proprietorships, associations, limited partnerships, general partnerships, limited liability companies and/or corporations.  Such use of a fictitious name is permitted under New Jersey Rule of Civil Procedure 4:26-4, allowing the use of a fictitious name due to the inability of Plaintiffs to ascertain the identities of the parties despite diligent effort, so as to preserve a cause of action against said party(ies) within the applicable statute of limitations.

7.     At all times relevant and material hereto, Defendants were acting either individually or through their agents, servants, contractors, workmen, employees and/or representatives, all of whom were acting within the course and scope of their employment and authority.

2

8.     Defendants are liable for the acts and omissions of their agents, servants, contractors, workmen, employees and/or representatives through the doctrines of vicarious liability and respondeat superior.

9.     At all times relevant and material hereto, Defendants owned, occupied, controlled, leased, rented, managed, operated, maintained and/or possessed the premises located at 2137 NJ-38, Cherry Hill, NJ 08002 and on that premises operated a Target store (hereinafter referred to as the "Premises").

10.    At all times relevant and material hereto, Defendants were responsible for keeping the Premises safe and free of dangerous conditions.

11.    On or about December 18, 2021, Plaintiffs were business invitees at and within the Premises.

12.    On this date, there existed a dangerous condition associated with the improper ownership, possession, control and/or otherwise maintenance of the electric shopping scooters as herein below described, at the Premises.

13.    On the aforementioned date, Plaintiff Brittany Lewis, while exercising reasonable care, was walking on the Premises when five children were improperly, negligently and/or carelessly allowed access to electric shopping scooters owned, possessed, controlled, and/or otherwise maintained by the Defendants collided into her, thereby suffering severe and permanent injuries, as described below.

14.    On the aforementioned date, Plaintiff Cynthia Harris, while exercising reasonable care, was walking on the Premises when five children were improperly, negligently and/or carelessly allowed access to electric shopping scooters owned, possessed, controlled, and/or otherwise maintained by the Defendants collided into her, thereby suffering severe and permanent injuries, as described below.

3

## COUNT I
### BRITTANY LEWIS v. ALL DEFENDANTS

15. Plaintiff incorporates the preceding paragraphs as though set forth herein.

16. Defendants, either individually or through their agents, servants, contractors, workmen, employees and/or representatives knew, or should have known of the dangerous condition associated with the improper ownership, possession, control and/or otherwise maintenance of the electric shopping scooters as herein above described, including Plaintiff, would encounter the dangerous condition, when walking on or near the same, or upon reasonable investigation could have discovered the same.

17. Defendants had a duty to exercise reasonable care to ensure that the Premises was safe for patrons to walk in, around or near.

18. In breach of the aforesaid duty, Defendants allowed a dangerous condition to exist on the Premises.

19. Despite their actual and/or constructive notice of the dangerous condition, Defendants failed to take any steps to timely remedy the dangerous condition.

20. The negligence and carelessness of the Defendants consisted of the following acts and/or omissions to act:

   a. Allowing a dangerous condition upon the Premises;
   b. Failing to safely cordon off and/or use other methods such as cones or signs to alert persons such as Plaintiff of the dangerous condition, and/or to make the area of the dangerous condition safe;
   c. Failing to follow their policies and procedures for inspecting and maintaining the Premises;
   d. Creating the dangerous condition on the Premises, which the Defendants knew or should have known created a hazard;
   e. Failing to take reasonable precautions against the aforementioned dangerous condition;
   f. Failing to properly monitor, inspect, keep safe, correct or have corrected or otherwise maintain and remove the aforementioned dangerous condition;

4

g. Failing to discover, correct and remove the dangerous condition on the Premises;

h. Failing to properly and adequately hire and/or instruct the agents, servants, workmen, employees, contractors and/or representatives of the Defendants herein as to safe and proper procedures for inspecting, maintaining and repairing the Premises, including the area of the dangerous condition;

i. Failing to furnish a reasonable number and distribution of safety personnel and safety equipment to the Premises;

j. Failure to respond in a timely manner to the aforementioned dangerous condition;

k. Failing to properly train, supervise or otherwise instruct its employees, agents, servants, contractors and/or workmen in the proper procedure to correct the dangerous condition;

l. Failing to properly secure and attend to the electric scooters;

m. Impermissibly allowing those that were unfit and/or unsupervised access and operation of the electric scooters; and

n. Failing to supervise, monitor, maintain, control, possess, and/or otherwise safeguard the electric shopping carts.

21.     As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff was caused to suffer serious injuries, including, but not limited to: injuries to her lower mid back, low back, right leg and right knee pain, all or some of which injuries are or may prove to be of a permanent nature and character, whereby Plaintiff has suffered, is suffering and may for an indefinite time into the future suffer, all to the great detriment and loss of Plaintiff, financial and otherwise.

22.     As a further direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has suffered in the past and may in the future, inconvenience, embarrassment, emotional distress, humiliation, scarring, pain and suffering and loss of life's pleasures, all to her great detriment and loss, financial and otherwise.

23.     As a further direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has been in the past and may continue in the future to be unable to attend her

5

daily activities, avocations and occupations, all to her great loss and detriment, financial and otherwise.

24. As a further direct and proximate cause of the negligence and carelessness of Defendants, Plaintiff has in the past and may in the future be required to expend monies for medical care, prescriptions and physical therapy in attempting to treat the injuries caused by the carelessness and negligence of the Defendants, all to her great loss and detriment, financial and otherwise.

25. As a further direct and proximate cause of the negligence and carelessness Defendants, Plaintiff has or may hereafter incur other financial expenses or losses to which she may otherwise be entitled to recover.

26. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff suffered the injuries and damages as described above.

**WHEREFORE,** Plaintiff Brittany Lewis demands damages against Defendant Target, Target Corporation, and Target Corp. in excess of Fifty Thousand ($50,000.00) Dollars, together with such other and further relief as this Court deems just and appropriate, including interest, costs and delay damages.

## COUNT II
## CYNTHIA HARRIS v. ALL DEFENDATNS

27. Plaintiff incorporates the preceding paragraphs as though set forth herein.

28. Defendants, either individually or through their agents, servants, contractors, workmen, employees and/or representatives knew, or should have known of the dangerous condition associated with the improper ownership, possession, control and/or otherwise maintenance of the electric shopping scooters as herein above described, including Plaintiff, would encounter the dangerous condition, when walking on or near the same, or upon reasonable investigation could have discovered the same.

6

29.     Defendants had a duty to exercise reasonable care to ensure that the Premises was safe for patrons to walk in, around or near.

30.     In breach of the aforesaid duty, Defendants allowed a dangerous condition to exist on the Premises.

31.     Despite their actual and/or constructive notice of the dangerous condition, Defendants failed to take any steps to timely remedy the dangerous condition.

32.     The negligence and carelessness of the Defendants consisted of the following acts and/or omissions to act:

a.  Allowing a dangerous condition upon the Premises;

b.  Failing to safely cordon off and/or use other methods such as cones or signs to alert persons such as Plaintiff of the dangerous condition, and/or to make the area of the dangerous condition safe;

c.  Failing to follow their policies and procedures for inspecting and maintaining the Premises;

d.  Creating the dangerous condition on the Premises, which the Defendants knew or should have known created a hazard;

e.  Failing to take reasonable precautions against the aforementioned dangerous condition;

f.  Failing to properly monitor, inspect, keep safe, correct or have corrected or otherwise maintain and remove the aforementioned dangerous condition;

g.  Failing to discover, correct and remove the dangerous condition on the Premises;

h.  Failing to properly and adequately hire and/or instruct the agents, servants, workmen, employees, contractors and/or representatives of the Defendants herein as to safe and proper procedures for inspecting, maintaining and repairing the Premises, including the area of the dangerous condition;

i.  Failing to furnish a reasonable number and distribution of safety personnel and safety equipment to the Premises;

j.  Failure to respond in a timely manner to the aforementioned dangerous condition;

k.  Failing to properly train, supervise or otherwise instruct its employees, agents, servants, contractors and/or workmen in the proper procedure to correct the dangerous condition;

l.  Failing to properly secure and attend to the electric scooters;

m.  Impermissibly allowing those that were unfit and/or unsupervised access and operation of the electric scooters; and

7

n. Failing to supervise, monitor, maintain, control, possess, and/or otherwise safeguard the electric shopping carts.

33. As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff was caused to suffer serious injuries, including, but not limited to: lower back and right leg pain, all or some of which injuries are or may prove to be of a permanent nature and character, whereby Plaintiff has suffered, is suffering and may for an indefinite time into the future suffer, all to the great detriment and loss of Plaintiff, financial and otherwise.

34. As a further direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has suffered in the past and may in the future, inconvenience, embarrassment, emotional distress, humiliation, scarring, pain and suffering and loss of life's pleasures, all to her great detriment and loss, financial and otherwise.

35. As a further direct and proximate result of the negligence and carelessness of Defendants, Plaintiff has been in the past and may continue in the future to be unable to attend her daily activities, avocations and occupations, all to her great loss and detriment, financial and otherwise.

36. As a further direct and proximate cause of the negligence and carelessness of Defendants, Plaintiff has in the past and may in the future be required to expend monies for medical care, prescriptions and physical therapy in attempting to treat the injuries caused by the carelessness and negligence of the Defendants, all to her great loss and detriment, financial and otherwise.

37. As a further direct and proximate cause of the negligence and carelessness Defendants, Plaintiff has or may hereafter incur other financial expenses or losses to which she may otherwise be entitled to recover.

8

38.     As a direct and proximate result of the negligence and carelessness of the Defendants, Plaintiff suffered the injuries and damages as described above.

**WHEREFORE,** Plaintiff Cynthia Harris demands damages against Defendant Target, Target Corporation, and Target Corp. in excess of Fifty Thousand ($50,000.00) Dollars, together with such other and further relief as this Court deems just and appropriate, including interest, costs and delay damages.

**VAN DER VEEN, HARTSHORN & LEVIN**

Dated: _12.4.23_     BY: _____

Michael T. van der Veen, Esquire
Jerry A. Lindheim, Esquire
Attorneys for Plaintiffs

9

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Michael T. van der Veen, Esquire and Jerry A. Lindheim, Esquire are designated as trial co-counsel for the Plaintiffs.

Dated: 12-4-23

_____
Michael T. van der Veen, Esquire
Jerry A. Lindheim, Esquire
Attorneys for Plaintiffs

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues.

Dated: 12-4-23

_____
Michael T. van der Veen, Esquire
Jerry A. Lindheim, Esquire
Attorneys for Plaintiffs

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to R.4:17-1(b), Plaintiffs hereby demand that Defendants provide certified answers to Form C and C(2) Uniform Interrogatories contained in Appendix II of the New Jersey Rules of Court within the time period prescribed by said rules.

Dated: 12-4-23

_____
Michael T. van der Veen, Esquire
Jerry A. Lindheim, Esquire
Attorneys for Plaintiffs

## CERTIFICATION

The undersigned attorney hereby certifies that, pursuant to R. 4:5-1, he is unaware of any other action pending in any Court.

The undersigned further certifies that he is unaware of any other parties who should be joined in the matter in controversy.

VAN DER VEEN, HARTSHORN & LEVIN

Dated:

0 2. 4. 23

By: _____
Michael T. van der Veen, Esquire
Jerry A. Lindheim, Esquire
Attorneys for Plaintiffs

11

**EXHIBIT B**



**CT Corporation**
**Service of Process Notification**
12/12/2023
CT Log Number 545330102

## Service of Process Transmittal Summary

**TO:**     CATHY SCHUDA, Director Assistant
Target Corporation
1000 NICOLLET MALL, MS: TPS-3155
MINNEAPOLIS, MN 55403-2542

**RE:**     **Process Served in Minnesota**

**FOR:**    Target Corporation  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: BRITTANY LEWIS CYNTHIA HARRIS // To: Target Corporation |
| **CASE #:** | CAML337723 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Inc., Saint Paul, MN |
| **DATE/METHOD OF SERVICE:** | By Process Server on 12/12/2023 at 10:00 |
| **JURISDICTION SERVED:** | Minnesota |
| **ACTION ITEMS:** | CT has purged the current log, Retain Date: 12/12/2023, Purge Date: 12/12/2023 |
| | Image SOP |
| | Email Notification,  Non Employee Litigation Target  gl.legal@target.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System, Inc. |
| | 1010 Dale Street N |
| | Saint Paul, MN 55117 |
| | 877-564-7529 |
| | MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.